PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. AGUSTÍN
. DEL VALLE, Defendant and Appellant.

No. 2384. Argued March 5, 1925.—Decided March 31, 1925.

1. ADULTERY—PLEADING—AMENDMENT OF INFORMATION. — A defective informa-
   tion for adultery in which it is not alleged that at least one of the persons
   concerned was married should not be amended during the trial, although
   in allowing the amendment the court grants the defendant an additional
   opportunity to cross-examine the only government witness examined and au-
   thorizes him to submit evidence in his defense at another session of the court.

District Court of Aguadilla, Tomás Bryan, J.    Judgment of conviction in a prosecution for adultery. *Reversed and remanded.*

*Buenaventura Esteves* and *Juan García Ducós* for the appellant.
*José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a judgment convicting the defendant of adultery and sentencing him to five years in jail.

The information as filed and on which the defendant was arraigned reads as follows:

"The district attorney presents this information against Agustín del Valle for a crime of adultery, a misdemeanor committed as follows: The said defendant Agustín del Valle, prior to the filing of this information, or on a certain day of the month of April, 1923, in the ward of Guatemala, San Sebastián, P. R., which forms a part of the judicial district of Aguadilla, P. R., then and there unlawfully and wilfully had sexual intercourse with Josefa Pardo Jiménez, an unmarried woman who was not his wife."

This information shows on its face that it does not charge the crime of adultery. There is no allegation that the defendant was married. Notwithstanding the form of the information, the trial was begun and after some of the evidence for the prosecution had been examined the district attorney became aware that the information lacked an essential requisite for charging a public offense and moved the court for leave to amend the information. His motion was as follows:

"Your Honor: I move that the court permit the district attorney to add two words to this information, that is, the words 'being married' after the words 'then and there.' The district attorney informs the court that this was a clerical error committed by his stenographer, who left out these two words in copying the information. To prove this I ask the court to allow me to examine the stenographer under oath."

The defendant opposed the motion and after hearing the evidence offered the court made the following ruling allowing the amendment:

"The court rules on the merits of the question as follows: An allegation in an information for the offense of adultery that at least one of the persons committing the act was married is an essential element, and as at this stage of the case it might operate as a surprise to the defendant to grant leave, which the court does grant, to amend the information by adding the words 'being married,' the court authorizes the defendant and his attorneys to cross-examine Josefa Pardo, the only witness who has testified in connection with the said amendment, or any other witness examined or to be examined by the district attorney; and the court also authorizes the defendant to submit evidence in his defense at another session of the court to be by it determined, so that he may not be without or claim that he was not given an opportunity to defend."

The question for decision in view of that ruling is whether after the commencement of the trial leave could be granted to make an amendment supplying a substantial omission in the information, which otherwise would charge no offense, without giving the defendant an opportunity to answer the amended information and, especially, over the objection of the defendant.

We have no doubt that the court below erred in granting leave to amend. The ruling prejudiced the substantial rights of the defendant and the jurisprudence considers as irregular such procedure as was followed in this case.

"An indictment may be amended by the grand jury, with leave of the court, at any time before their finding is recorded and they have left the court. And in the absence of constitutional provisions on the subject, it has been held that leave to amend an indictment ought to be granted, on motion during the trial, when it could not unfairly prejudice the prisoner, but not in matters of substance, unless at the instance of and with the consent of the defendant.
"    *      *      *      *      *      *      *

"The amendment of informations is generally provided for by statute, and usually thereunder, by leave of the court, an information may be amended in matter of substance, as well as of form, after a plea of not guilty has been entered and before the trial is begun, and in matter of form after the trial has begun.
"    *      *      *      *      *      *      *

"After an information has been amended in a material particu-

lar, the defendant should not be put on trial without arraigning him again and giving him an opportunity to plead." 14 R.C.L. 192–193.

In 14 California Jurisprudence, page 92, the following is said on the subject of informations:

"If an information wholly fails to charge a public offense, and is amended so as to charge an offense, it may then be treated as an original information for the first time presented, and the defendant must plead thereto before a trial thereon can be had."

In the case of *McKay* v. *State*, 39 L.R.A. (N. S.) 714, 717, the same question was considered and the court expressed itself as follows:

"We do not agree with counsel for defendant that a trial under the amended information would be placing defendant in jeopardy a second time. The original information, being void upon its face, was no information at all. Hence nothing under it could in any manner place the defendant in jeopardy. The court did right in permitting the amendment, but erred in forcing the defendant to immediately proceed with the trial without arraignment under and plea to the only information filed which stated an offense, without giving him the statutory time in which to plead thereto, and before a jury which had been impaneled under a void information."

It makes no difference in this case that the information was filed directly by the district attorney and not by a grand jury, for the principle involved is the same. Whatever time the defendant may have been allowed within which to submit evidence in his defense or to cross-examine the only witness examined, he could not be forced to proceed with the trial without arraignment under and plea to the only information which, because of the amendment, stated an offense; and these fundamental rights of the defendant were prejudiced.

For the foregoing reasons the judgment must be reversed and the case remanded for further proceedings not inconsistent with this opinion.